UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JEFFREY G. SHARP,

        Plaintiff,          6:13-cv-591-TC

        v.                       FINDINGS AND RECOMMENDATION

GERALD WARREN, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Application to *proceed in forma pauperis* (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

    Plaintiff filed a complaint for "Declaratory Relief" alleging jurisdiction under 42 U.S.C. § 1983 and "Ex Parte

1 - FINDINGS AND RECOMMENDATION

Young 28 U.S.C. Section 2201." Complaint (#2) p. 1. Plaintiff seeks a declaration that ORS 9.160 - 9.166 - 9.990 are unconstitutional under the First and Fourteenth Amendments and an injunction enjoining the enforcement of the law. Id. p. 10.

### STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

### DISCUSSION

I find that regardless of how liberally plaintiff's complaint is construed, it fails to state a claim.

Plaintiff previously filed an substantially identical

2 - FINDINGS AND RECOMMENDATION

claim in U.S.D.C. 6:13-cv-00210-AA. In that case, the court construed plaintiff's claim as a request for "an advisory opinion from the Secretary of State or Attorney General that his actions do not constitute the unlawful practice of law." Id. (Doc. #7) p. 1 - 2. The court found that plaintiff had failed to allege any action taken against him by a state official to support a claim under 42 U.S.C. § 1983 and had alleged no other basis of federal jurisdiction. Therefore the court held that plaintiff had failed to allege a cognizable federal claim and dismissed the case for lack of jurisdiction. The dismissal was with prejudice because the court found that "amendment would be futile." Id.

Plaintiff frames the issue in this case in slightly different terms, but seeks the same relief. Therefore, the claim in this action fails for the same reason as plaintiff's previous claim. Specifically plaintiff has not alleged any action has been threatened or taken against him by a state official.

In the first place, defendants Warren and Franz are not proper defendants. They are attorneys and have a constitutional right under the First Amendment to advise plaintiff that his conduct could constitute the unauthorized practice of law under Oregon Statutes.

Plaintiff has not alleged that the Oregon Attorney

3 - FINDINGS AND RECOMMENDATION

General has threatened to enforce the unauthorized practice of law prohibition against him. Although Attorney General Rosenblum may arguably be entitled to issue an Attorney General Opinion regarding the issue raised in plaintiff's complaint she cannot be compelled to do so by way of a civil rights complaint and request for declaratory judgment.

Thus, the fundamental jurisdictional issue that prevents plaintiff from proceeding in this case is his lack of standing. As with plaintiff's previous action, plaintiff has not alleged any facts to establish that any action has been taken against him for allegedly violating the statutes prohibiting the unauthorized practice of law, so he is essentially seeking an advisory opinion by the court.

Article III of the United States Constitution limits federal courts to deciding "cases" and "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984). To meet this requirement, courts must consider the interrelated doctrines of standing and ripeness. Id. at 750; Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009).

To establish standing, petitioner must allege a "personal injury fairly tracable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.." Allen, 468 U.S. at 751. Petitioner must demonstrate that he has suffered an injury in fact, "an invasion of a legally

4 - FINDINGS AND RECOMMENDATION

protected interest which is (a) concrete and particularized, and (2) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations omitted); Coalition of Clergy, Lawyers & Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002).

"While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur." Bova, 564 F.3d at 1096, quoting Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997). To meet the ripeness standard, petitioner must demonstrate a specific present harm, or the threat of specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972). A claim is not ripe for adjudication if it rests upon some contingent future event. Texas v. United States, 523 U.S. 296, 300 (1998); Bova, 564 F.3d at 1093. The ripeness doctrine seeks "to prevent the courts, through avoidance of premature litigation, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs v. Gardner, 387 U.S. 136, 148-149 (1967), *overruled on other grounds*, Califano v. Sanders, 430 U.S. 99 (1972). In evaluating ripeness, the court must consider the "fitness of the issues for review and

5 - FINDINGS AND RECOMMENDATION

the hardship to the parties of withholding consideration." id.; see also, Toilet Goods Ass'n v. Gardner, 387 U.S. 158 (1967); Municipality of Anchorage v. United States, 980 F.2d 1320, 1323 (9th Cir. 1992).

Because plaintiff has not alleged any facts to establish that he has incurred a personal injury tracable to the enforcement of the statute at issue or a colorable claim of specific future harm, the claim fails to meet the standing or ripeness requirements necessary to establish a case or controversy.

## CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed for lack of jurisdiction. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

6 - FINDINGS AND RECOMMENDATION

objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

Dated this 9 day of July, 2013

Thomas M. Coffin
United States District Judge

7 - FINDINGS AND RECOMMENDATION